IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00045-WYD

SUSAN BRODEUR,

    Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER

I.     <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fee Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, filed June 25, 2010. Plaintiff seeks an order awarding attorney's fees in the amount of $10,899.64 for 62.2 hours expended in this case.[1] Plaintiff attaches documentation to her motion regarding the time incurred by counsel and the fee rate. A response was filed by the Commissioner on July 8, 2010, and a reply was filed on July 19, 2010.

Defendant opposes Plaintiff's motion on the ground that its position in the case, although ultimately unsuccessful, was substantially justified. In the event attorney fees are awarded, the Commissioner requests that the Court award a reduced number of hours because it argues that the total number of hours is excessive.

---

[1] Plaintiff's motion sought fees in the amount of $10,296.82. That amount was increased to $10,899.64 due to time incurred in connection with Plaintiff's Reply to Defendant's Objection to Motion for EAJA Fees.

II. ANALYSIS

    A. Whether the Commissioner's Position was Substantially Justified

The Equal Access to Justice Act ["EAJA"] provides for an award of attorney's fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The burden of establishing that the government's position was substantially justified rests with the government. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "Substantially justified" has been defined by the Supreme Court as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Thus, the government's position, both at the underlying agency stage and during the subsequent litigation, must have had a reasonable basis in both law and fact. *Id.*; *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

The government must establish the existence of three elements to meet the reasonableness test: (1) a reasonable basis for the facts asserted; (2) a reasonable basis in law for the legal theory proposed; and (3) support for the legal theory by the facts alleged. *Harris v. Railroad Retirement Bd.*, 990 F.2d 519, 520-21 (10th Cir. 1993); *Pettyjohn v. Chater*, 888 F. Supp. 1065, 1067 (D. Colo. 1995). The government's position does not need to be "'justified to a high degree,' but rather 'justified in substance or in the main.'" *Pierce*, 487 U.S. at 565 (quotation omitted). A "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct. . . ." *Id.* at 566 n. 2.

The Commissioner asserts that since the Court reversed the ALJ's decision on the basis that Dr. Rook's opinion was improperly weighed, the substantial justification inquiry is limited to whether the ALJ's decision to discount Dr. Rook's opinion was reasonable and whether the Commissioner was reasonable in defending that decision in court. While the Court rejected the ALJ's analysis in determining that Dr. Rook's opinions were not entitled to controlling weight, the Commissioner argues that reasonable minds could disagree on that issue. He further contends that the ALJ carefully considered Dr. Rook's opinion and gave legitimate reasons for discounting it.

Further, the Commissioner asserts that the Court relied heavily on Dr. Rook's July 9, 2008 letter to discredit the final decision of the Commissioner, but acknowledged that this evidence was not before the ALJ. While this evidence was appropriate for the Court to consider since the Appeals Council considered it and it was part of the record, reasonable people can differ as to whether this "rebuttal" letter was an appropriate reason to give credence to Dr. Rook's prior opinions. Under the circumstances, although the Commissioner's reasoning regarding the merits of the ALJ's determination was ultimately unpersuasive to the Court, the Commissioner contends that its position was reasonable in law and fact, and was therefore substantially justified.

I find that the Commissioner has not met the burden of showing that his position was substantially justified. As Plaintiff notes, the Commissioner chose to defend this case even though the ALJ's decision was riddled with significant errors. Among these errors, the ALJ did not properly cite or discuss the required factors in determining what weight to give Dr. Rook's opinions as a treating physician and did not engage in the

proper weighing process, despite multiple remands to the ALJ with directives to properly evaluate Dr. Rook's opinions. The Commissioner's decision to defend yet another decision of the ALJ regarding Plaintiff that did not properly weigh Dr. Rook's opinion was unreasonable.

Further, before the fourth administrative hearing in this case, the ALJ demanded that Plaintiff attend a consultative examination with Dr. Qutub which the ALJ then relied on to completely discount Dr. Rook's opinions. I find that this was not reasonable given the fact that Dr. Qutub only reviewed very limited material in the record, his examination of Plaintiff was conducted nearly twelve years after the onset of disability and, most importantly, Dr. Qutub specifically indicated he did not have enough evidence to formulate a retrospective opinion regarding Plaintiff's functional capacity as of her requested disability onset date in 1996.

Other significant errors by the ALJ include the fact that he repeatedly mischaracterized evidence and relied on his own lay interpretations of important medical evidence, errors which cannot reasonably be defended given clear Tenth Circuit law prohibiting this type of conduct. Further, as my Order of March 31, 2010, reversing the case noted, the ALJ did not even appear to understand Plaintiff's diagnosis. Also as pointed out in that Order, the reasons given by the ALJ for rejecting Dr. Rook's opinions by the ALJ were not valid, and I believe that a reasonable person could not find otherwise. The ALJ also made specific findings in the most recent decision that directly contradicted his findings in a prior decision, without providing any explanation for the discrepancy. Further, the ALJ's decision ignored several aspects of

my prior Order of Remand to the Commissioner dated March 2, 2005, and committed many of the same mistakes that led to the issuance of that Order.  Failure to obey the order of a reviewing tribunal can not be considered substantially justified.  Finally, the ALJ relied on vocational testimony that conflicted with the dictionary of occupational titles (DOT) in violation of SSR 00-4p and established law.

While the Commissioner argues that his actions were substantially justified because Dr. Rook's letter of July 9, 2008, was not made part of the record until after the ALJ's decision, that argument is unpersuasive since the underlying medical evidence discussed in Dr. Rook's letter was part of the record before the ALJ.  Further, the letter was primarily intended to rebut and correct misconceptions of the ALJ regarding his inferences from the medical evidence, errors which the ALJ should never had made in the first place since an ALJ "may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation, or lay opinion.*"  *Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (emphasis in original) (quoting *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002)).

Viewed in the totality of the circumstances, and considering the reasonableness of the Commissioner's position in both the administrative proceeding and this case, I find that the Commissioner's decision was not based on a reasonable interpretation of the law or facts and therefore was not substantially justified.  Further, I find that Plaintiff was the prevailing party and that there are no special circumstances that would make

an award of fees unjust. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Accordingly, I find that Plaintiff is entitled to an award of attorney fees under the EAJA.

      B.    <u>The Amount of Fees to Be Awarded</u>

I now turn to whether the hours expended by counsel and for which Plaintiff seeks reimbursement are reasonable. The Commissioner asserts that this is a routine Social Security disability case and that the typical number of hours spent before the district court on a Social Security disability claim is between 20 and 40 hours. Further, the Commissioner argues that the hours incurred in researching and drafting Plaintiff's opening brief (almost 28 hours) and reply brief (17.28 hours) by an experienced attorney are unreasonable, particularly since Plaintiff alleges the same issues have existed throughout four ALJ hearings and two district court briefs. The Commissioner also takes issue with the request for fees incurred in preparing the EAJA fee petition while reserving the right to respond to Defendant's arguments. He contends that based on the relatively routine issues involved in this matter, the Court should award $7,033.20 for 40 hours of attorney work at an hourly rate of $175.83 (the average between the requested hourly rates in 2009 of $174.88 and in 2010 of $176.78).

Turning to my analysis, I must determine whether the hours spent representing the Plaintiff were "reasonably expended." *See Blum v. Stenson*, 465 U.S. 886, 901 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); see also 28 U.S.C. § 2412(d)(2)(A). "A district court should approach this reasonableness inquiry 'much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir.

1998) *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 545, 555 (10th Cir. 1983)). In making this determination, the court should "examine hours allotted to specific tasks." *Ramos*, 713 F.2d at 554.

I have considered all of Defendant's arguments and find that a reduction in fees is not appropriate. I acknowledge that the total amount of time requested of 62.2 hours is more than courts have noted is the average amount of time spent on a social security case. *See Hayes v. Sec. of Health and Human Servs*, 923 F.2d 418, 422 (6th Cir. 1990) (30 to 40 hours was the average amount of time spent on a social security case); *DeGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (compensated hours in social security cases generally range from twenty to forty hours). However, I find that this social security case was more involved than most.

First, before commencing the briefing Plaintiff filed a motion to reassign this case to me since I had presided over a previous case involving Plaintiff. That motion was reasonable given the history of this case and required additional hours that would not normally be present. Further, Plaintiff is seeking fees incurred by her counsel in connection with filing the motion for attorney fees and the reply brief. Attorney fees may be awarded under the EAJA for time spent applying for the EAJA award. *Jean*, 496 U.S. at 162-63.

When the hours incurred in connection with the motion for reassignment and the motion for attorney fees and reply to same are subtracted from the total, the total amount of hours expended is 46.09 hours. This is well within the accepted range of hours required to prosecute a successful social security appeal. *See Carlson v. Astrue*,

500 F. Supp. 2d 1174, 1177 (D. Kan. 2007) (53.25 hours was reasonable); *Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004) (45.5 hours not excessive); *Palmer v. Barnhart*, 227 F. Supp. 2d 975, 978 (N.D. Ill. 2002) (48.2 hours reasonable); *Elzey v. Chater*, 927 F. Supp. 1436, 1437 (D. Kan. 1996) (45 hours approved). Further, having carefully reviewed the actual time incurred by counsel, I find that the hours incurred were reasonably expended given the issues presented in this case and that the requested rate for such fees is reasonable. Plaintiff shall be awarded the full amount of attorney fees sought in her motion and reply.

III. CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion for Attorney's Fee Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (ECF No. 20 filed June 25, 2010) is **GRANTED**. Plaintiff is awarded fees in the amount of $10,899.64.

Dated: October 14, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge